IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1999 SESSION

FILED

June 3, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

KENNETH LEE WESTON,       )
                          )       C.C.A. No. 03C01-9805-CR-00190
        Appellant,        )
                          )       Knox County
v.                        )
                          )       Honorable Richard R. Baumgartner, Judge
STATE OF TENNESSEE,       )
                          )       (Post-Conviction)
        Appellee.         )


FOR THE APPELLANT:                  FOR THE APPELLEE:

Mark E. Stephens                    Paul G. Summers
District Public Defender            Attorney General & Reporter

Paula R. Voss                       Erik W. Daab
Assistant Public Defender           Assistant Attorney General
1209 Euclid Avenue                  425 Fifth Avenue North
Knoxville, TN  37921                Nashville, TN  37243

                                    Randall E. Nichols
                                    District Attorney General

                                    Marsha Selecman
                                    Assistant District Attorney General
                                    400 Main Street
                                    Knoxville, TN  37901


OPINION FILED: _____


AFFIRMED


L. T. LAFFERTY, SENIOR JUDGE

## O P I N I O N

The appellant, Kenneth Lee Weston, referred herein as "the petitioner," appeals as of right from the denial of his petition for post-conviction relief by the Knox County Criminal Court. In 1988, the petitioner was convicted of robbery with a deadly weapon in the robbery of the Valley Fidelity Bank and Trust Company. The petitioner is presently confined in the Department of Correction serving a life sentence for his conviction as an habitual criminal. The petitioner presents two appellate issues:

1. Whether the state had constitutional authority to charge the petitioner under the general robbery statute when the legislature had enacted a specific crime of bank robbery.

2. Whether the petitioner received inadequate assistance of counsel at trial and on appeal: (a) trial counsel's inadequate investigation resulted in the use of unreliable evidence that petitioner's prior felonies took place at two separate times; and (b) trial counsel's failure to object to the state's use of the general robbery statute constituted inadequate assistance of counsel.

After a review of the entire record, briefs of all parties, and applicable law, we AFFIRM the trial court's judgment finding that the petitioner was denied a first tier appeal of the denial of his first post-conviction petition in Cause No. 40398. The petitioner shall have sixty days to file an application for permission to appeal with the Supreme Court in Cause No. 40398. We also affirm, on other grounds, the trial court's judgment of dismissal of the petitioner's amendment in Cause No. 45862 in that the trial court was without jurisdiction to consider such amendment.

**PROCEDURAL BACKGROUND**

Since 1988, the petitioner has sought his freedom through various appellate proceedings. Thus, we will set forth the chronological proceedings as to how we arrived at our decision.

After his conviction for robbery with a deadly weapon in 1988, the petitioner filed a

2

direct appeal. This Court affirmed the petitioner's conviction. *See State v. Kenneth Lee Weston,* No. 1235, 1989 WL 139693 (Tenn. Crim. App., Knoxville, November 20, 1989), *per. app. denied* (Tenn. 1990). On April 28, 1990, the petitioner filed his first *pro se* petition for post-conviction relief, No. 40398, with the Knox County Criminal Court. The trial court appointed Ellery Hill, attorney, to represent the petitioner. In his petition, the petitioner complained that: (a) he was denied effective assistance of counsel in that counsel failed to uncover alleged proof that his two prior convictions in Georgia, utilized to render him an habitual criminal, were actually one offense; and (b) the jury instruction in the sentencing phase of the trial as to the presumption of identity was unconstitutional. After an evidentiary hearing, the trial court, on July 11, 1991, denied the petitioner any relief. Post-conviction counsel failed to perfect a direct appeal of this denial.

On November 25, 1991, the petitioner filed his second *pro se* petition for post-conviction relief, No. 45862, alleging his post-conviction attorney failed to appeal the denial of his first petition for post-conviction, No. 40398, thus constituting ineffective assistance of counsel. The record reflects the trial court appointed the Knox County Public Defender to represent the petitioner. On April 6, 1992, the trial court summarily dismissed the petition, and the petitioner filed a motion to vacate the trial court's order of dismissal. On May 5, 1992, the trial court denied the petitioner's motion to vacate. On direct appeal, this Court affirmed the trial court's dismissal, stating, "[t]he scope of relief under the post-conviction statute is thus limited to abridgment of constitutional rights in the conviction process and there can be no due process in violation 'in the conviction process' by what may have happened at a prior post-conviction proceeding." *Kenneth Lee Weston v. State,* No. 03C01-9209-CR-00308, 1993 WL 179915, at *1 (Tenn. Crim. App., Knoxville, May 27, 1993). The Supreme Court granted the petitioner's application for permission to appeal.

In its order reversing this Court and remanding the case to the trial court for an evidentiary hearing on the second petition, the Supreme Court stated:

> Upon consideration of the application for permission to appeal
> and the entire record in this cause, the Court is of the opinion
> that the record is inadequate to determine the merit of the

3

petitioner's claim.

> The case is remanded to the trial court for an evidentiary hearing on the issue of whether petitioner was denied a first tier appeal of his original post-conviction petition as a result of inaction on the part of appointed counsel.

> If the trial court finds in the affirmative on this issue, an appeal shall be granted on the original post-conviction petition or, in the alternative, a new hearing on the petition shall be granted, from which petitioner shall be entitled to a first tier appeal.

*Kenneth Lee Weston v. State,* No. 03C01-9209-CR-00308, 1993 WL 460500, at *1 (Tenn., November 10, 1993), *pet. to rehear denied* (Tenn. 1994).

The record reflects that the evidentiary hearing on the second petition for post-conviction relief, No. 45862, was reset several times from 1995 to April, 1998.

On April 15, 1998, the petitioner filed an amended petition for post-conviction relief in Cause No. 45862. In the amended petition, the petitioner alleged: (a) trial counsel failed to move for an acquittal on the robbery with a deadly weapon charge at the end of trial, when the proof did not support a finding of anything but bank robbery; and (b) the petitioner received inadequate assistance of counsel at trial and on appeal when counsel failed to raise the variance between the proof and the conviction either in the motion for a new trial or on appeal. The state did not file an answer to the amended petition.

On April 23, 1998, the trial court held an evidentiary hearing on the second petition pursuant to the Supreme Court's order for remand. The trial court did not hear any witnesses, but considered the statements of counsel for both parties as to the history of these two petitions for post-conviction relief. The trial court recognized that it was to determine whether the petitioner was entitled to a first tier appeal of the first petition for post-conviction relief, but the petitioner urged the trial court to consider the amendment to the second petition. The state conceded the petitioner was entitled to a first tier appeal of his first petition in Cause No. 40398. The state did not object to the trial court's determination of the merits of the amendment to the second petition.

4

In its order of findings of fact and conclusions of law, the trial court found that the petitioner was denied a first tier appeal, due to the inactions of appointed counsel, and granted the petitioner an appeal in Cause No. 40398. As to the amendment of the second petition for post-conviction relief in Cause No. 45862, the trial court found:

> [W]hile there is a specific bank robbery charge, that does not prevent the State from charging and seeking a conviction, and a jury convicting an individual of armed robbery, whether it is a banking institution or any other individual or institution. I think they could proceed under 39-2-501 and submit that issue to the jury, if the jury found the elements of that offense, that it was appropriate for them to convict of that offense.

We agree with the trial court's determination that the petitioner was deprived of an appeal on the merits of his first petition for post-conviction relief in Cause No. 40398. As to the amendment to the second petition for post-conviction relief in Cause No. 45862, we agree with the state that the trial court was not authorized to entertain this amendment. Therefore, this issue is not properly before this Court, and we decline to review it. The trial court's judgment is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
NORMA McGEE OGLE, JUDGE

5